**UNITED STATES of America,**
**Appellee,**

v.

**Tak Sun LEE, also known as Sam Lee, Defendant–Appellant.**

**No. 00–1735.**

United States Court of Appeals, Second Circuit.

May 11, 2001.

Lawrence Hochheiser, New York, NY; Daniel A. Hochheiser, on the brief, for appellant.

Cheryl A. Krause, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney and Christine H. Chung, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, PARKER and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

**18**

Tak Sun Lee appeals from the jury verdict entered in the United States District Court for the Southern District of New York (Hellerstein, J.) convicting him of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846.

After his arrest and receipt of *Miranda* warnings, Lee confessed to conspiring to sell more than 100 grams of heroin. Lee was sentenced under 21 U.S.C. § 841(b)(1)(B) (for narcotics crimes involving between 100 grams and 1 kilogram of heroin), for which the penalty of imprisonment is five to forty years imprisonment. *See also* 21 U.S.C. § 846 (conspiracy statute, referring to § 841). Lee's Sentencing Guidelines range was 63 to 78 months. *See* United States Sentencing Guidelines § 2D1.1. He was sentenced chiefly to 63 months.

 No question was put to the jury concerning the quantity of heroin involved in the conspiracy. On appeal, Lee argues that this was a violation of his Fifth and Sixth Amendment rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2356, 147 L.Ed.2d 435 (2000).

Thus, Lee argues that absent a jury finding on drug quantity, he should have been sentenced under 21 U.S.C. § 841(b)(1)(C), which carries a maximum term of twenty years imprisonment and no minimum, and that absent the district court's finding on drug quantity for sentencing purposes, Lee's Guidelines range would have been ten to sixteen months imprisonment.

 Where a sentence is below the statutory maximum applicable for an unspecified quantity of drugs, *Apprendi* does not apply.[1] *See United States v. Garcia,* 240 F.3d 180, 183–84 (2d Cir.2001). Lee's sentence (63 months) is below the statutory maximum for § 841(b)(1)(C) (twenty years).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

1. As in *Garcia,* the Lee's sentence was arrived at through the application of the appropriate Sentencing Guidelines, and not by resort to the statutory minimum. (And there is no indication that Judge Hellerstein would have downwardly departed from the 63 month sentence had there not been a statutorily-imposed 60 month minimum.) We therefore have no occasion to address the applicability of *Apprendi* to cases in which the statutory minimums come into play.